**RELIANCE MFG. CO. v. BLAIR, Commissioner of Internal Revenue.**

Circuit Court of Appeals, Seventh Circuit.
May 24, 1927.

No. 3800.

Internal revenue ☞25—Petition for redetermining deficiency in income tax payment held properly filed within statutory period, though filing fee paid after statutory period expired (Revenue Act 1926, § 274; rule 8).

Petition for redetermination of deficiency in payment of income tax was properly filed, under Revenue Act 1926, § 274 (44 Stat. 55), where it was presented to the Board of Tax Appeals within 60 days after Commissioner notified taxpayer of deficiency, though the filing fee fixed by the board in its rule 7, now rule 8, was not paid until after expiration of the 60-day period.

In Error to the United States Board of Tax Appeals.

The Reliance Manufacturing Company presented a petition for redetermination of a deficiency in the payment of income taxes to the United States Board of Tax Appeals, after David H. Blair, Commissioner of Internal Revenue, had notified him of the deficiency. The Board of Tax Appeals dismissed the petition for lack of jurisdiction, and petitioner brings error. · Reversed and remanded, with direction.

The one question involved is on the action of the United States Board of Tax Appeals, dismissing, for "lack of jurisdiction," the petition of plaintiff in error for redetermination by the board of a deficiency in plaintiff in error's federal tax as determined by the Commissioner of Internal Revenue. March 10, 1926, the Commissioner gave notice of his determination, and the statutory time within which petition for redetermination by the board must be filed expired May 10, 1926. Section 274, Revenue Act 1926 (44 Stat. 55). May 5 petition for redetermina-

tion was mailed at Chicago, and received at office of the Board of Tax Appeals at Washington the following day, and date of receipt indorsed thereon by the clerk of the board. The following May 12 the clerk mailed the petition to petitioner's attorney at Chicago, with statement that it was not filed because a $10 filing fee had not accompanied it; and on the same day the attorney remailed it to the clerk, with the $10 fee, and on the day following these were received at the clerk's office.

The Commissioner moved to dismiss the petition for want of filing within 60 days; and plaintiff in error moved that the petition be filed nunc pro tunc as of May 6. The board's order of dismissal "for lack of jurisdiction" followed.

The statute authorized the board to make rules, and to require a fee of not more than $10 to be paid on filing of any such petition, and accordingly, after the enactment of the statute, and shortly before the Commissioner's said notice of determination, the board adopted its rule 7 (afterward rule 8) fixing the fee at $10, and providing that no petition shall be filed until the fee is paid, and prohibiting the antedating of a filing to a time prior to payment of the fee.

Herbert Mayer, of Chicago, Ill., for plaintiff in error.

Leroy Hight, of Washington, D. C., for defendant in error.

Before ALSCHULER, EVAN A. EVANS, and ANDERSON, Circuit Judges.

PER CURIAM. In the case of John H. Weaver v. David H. Blair, Commissioner, etc. (decided April 27, 1927) 19 F.(2d) 16, the Circuit Court of Appeals for the Third Circuit passed upon the identical question, holding that the time of the payment of the fee is not jurisdictional, but procedural, and that, where the petition for redetermination was presented to the board within the statutory time, the board is not without jurisdiction because the fee did not accompany the petition, and was not paid until some days after the statutory time for filing had expired, and directed the board to reinstate the petition and mark it filed as of the date when it first reached the board, and proceed to its determination.

Concurring fully in the views there expressed, the order herein of the United States Board of Tax Appeals is reversed, and the cause remanded to the board, with direction to reinstate the petition and to indorse it, or have it indorsed, as filed with the board May

6, 1926, and thereupon to proceed with the redetermination of the plaintiff in error's alleged deficiency of its tax.