WILLIAM BIOFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.*

Docket No. 111249.   Promulgated October 27, 1942.

---
* Prior to October 22, 1942, this report was approved for promulgation.

*B. R. Burton, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner sent the petitioner a notice of deficiency advising of the determination of a deficiency in income tax of $9,200.56 and an addition to the tax of $4,600.28 for the calendar year 1938. The addition to the tax was the 50 percent for fraud provided in section 293 (b) of the Revenue Act of 1938. The petitioner transmitted to the Board a petition designed to contest the correctness of the Commissioner's determination both as to the deficiency and as to the addition. He did not pay the fee of $10 required for filing the petition. The Board issued an order on the petitioner to show cause why the proceeding should not be dismissed for failure to pay the fee of $10 as authorized by section 904 of the Revenue Act of 1926 and as required by Rule 8 of the Board's Rules of Practice. The hearing on this order was continued from time to time, but at no time did the petitioner appear or have anyone appear for him. The petitioner states in his petition that he is confined in a Federal penitentiary. Counsel for the respondent has moved that the Board, in dismissing this proceeding, enter an order that there is a deficiency and a 50 percent addition in the amounts determined by the Commissioner.

Section 1117 (d) of the Internal Revenue Code provides:

(d) EFFECT OF DECISION DISMISSING PETITION.—If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Board dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Commissioner. An order specifying such amount shall be entered in the records of the Board unless the Board can not determine such amount from the record in the proceeding, or unless the dismissal is for lack of jurisdiction.

Section 293 of the code provides:

(a) NEGLIGENCE.—If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that the provisions of section 272 (i), relating to the prorating of a deficiency, and of section 292, relating to interest on deficiencies, shall not be applicable.

(b) FRAUD.—If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612 (d) (2).

Section 1112 of the Internal Revenue Code provides in regard to procedure before the Board:

In any proceeding involving the issue whether the petitioner has been guilty of fraud with interest to evade tax, the burden of proof in respect of such issue shall be upon the Commissioner.

Two questions naturally arise. The first is whether this is a proceeding in which the burden of proof as to fraud has been cast upon the Commissioner by statute, and the second is whether, in any event, the Board has authority under the statute to specify in its order of dismissal that there is not only a deficiency but also an additional 50 percent as determined by the Commissioner. Congress, in using the phrase "proceeding involving the issue whether the petitioner has been guilty of fraud", must have meant an issue raised by a pleading properly filed under the rules which it authorized the Board to promulgate. While the petition has been given a docket number and stamped "Filed", that action of the Board was taken in accordance with a long established lenient practice for the purpose of receiving the petition within the statutory period. It was tentative in character and continued so as long as the petitioner failed to comply with the requirement of the statute and the Board's rules in regard to the payment of a filing fee. The petitioner has not taken the necessary steps to institute a proper proceeding raising any issue, since he has not paid the fee. The established practice of the Board, under such circumstances, is not to serve a copy of the petition upon the respondent. It insists that the filing fee be paid before any further action is taken. That is the only available way of enforcing its rule. Thus, the failure of the petitioner is entirely responsible for the fact that no issues have been raised and that the Commissioner has not been able to join issue with the petitioner as to fraud. Since there is no "proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax," section 1112 does not cast any burden of proof upon the Commissioner.

The Commissioner does not want to have this proceeding dismissed unless the Board will specify in its order that there is not only a deficiency, but also an additional amount due under section 293 (b) as determined by the Commissioner. Section 1117 (d), authorizing the Board to enter an order in the case of a dismissal, does not mention the additional 50 percent. The question is whether or not the Board can, in a proper case of dismissal, enter an order specifying not only the amount of the deficiency, but also the additional amount determined by the Commissioner. The Board has already held that this can not be done where a proceeding is at issue after the filing of proper pleadings and the petitioner fails to appear on the day set for trial. *Miller-Pocahontas Coal Co.*, 21 B. T. A. 1360. The Board said that "the revenue acts contain clear recognition of a distinction between a deficiency in tax and a penalty" when it comes to dismissal for failure properly to prosecute. There, it was clear that the statute imposed upon the Commissioner the burden of proof in the fraud issue. But that case is not authority here, where the facts are different. Not only does the statute fail to impose any burden upon the Commissioner in cases where the

petitioner has not taken the necessary steps to raise an issue of fraud, but there would seem to be no reason for a contrary intent upon the part of Congress. It has merely said to taxpayers—if you express your desire to go before the Board by filing a proper petition with it, in accordance with its rules, you can thereby impose upon the Commissioner the burden of proof in the fraud issue, but not otherwise.

The question remains whether there is statutory authority under which the Board can enter an order dismissing this case, and, at the same time, specifying that not only the deficiency, but also the addition to the tax determined by the Commissioner, are in the amounts shown in the notice of deficiency. Section 293 (b) provides that the additional amount "shall be so assessed, collected, and paid." For the meaning of the word "so" we must go back to paragraph (a) which just precedes (b) in section 293. Paragraph (a) provides that the addition for negligence shall be assessed, collected and paid "in the same manner as if it were a deficiency." These words mean that there is no difference between such an amount and the deficiency for these purposes. They give the Board authority to specify the amount of the addition for negligence if it dismisses a proceeding because the filing fee had not been paid. No suggestion has ever been made that the Board could not enter an order including that amount in case of dismissal for failure of the petitioner properly to prosecute. Since the same language covers the addition for fraud, the authority is the same there. The fact that the Commissioner has the burden of proof in regard to fraud, if the fraud issue is ever properly raised, is no reason for distinguishing between the addition for fraud and that for negligence where, as here, the petitioner has not complied with the Board's rules covering the filing of a petition.

Reviewed by the Board.

> *Judgment will be entered that the proceeding will be dismissed because of the petitioner's failure to pay the filing fee, and an order will be entered that there is a deficiency in income tax of $9,200.56 and an addition for fraud of $4,600.28 for the calendar year 1938.*

HILL, dissenting: Because of the provision of section 1112 of the Internal Revenue Code it is my opinion that the dismissal of this petition justifies a decision in favor of the Commissioner only in the amount of the deficiency determined by him exclusive of the additional amount determined under section 293 (b) of the code. *Miller-Pocahontas Coal Co.*, 21 B. T. A. 1360. Cf. *Board of Tax Appeals* v. *United States ex rel. Shults Bread Co.*, 37 Fed. (2d) 442.

It appears to me doubtful whether under the situation here presented the Board is authorized to dismiss the petition if such dismissal operates to exclude the so-called fraud penalty from the decision in favor of the Commissioner for the deficiency in tax determined by him. However, for the purpose of the views I wish here to express, I will assume that the Board has authority to dismiss the petition, with such consequences as legally follow.

I think the majority assumes an erroneous basis for its conclusion. It states that there is no "proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax" and that, therefore, there is no burden of proof here upon the Commissioner under section 1112.

Upon that premise the majority concludes that the Board may dismiss the petition and thereupon enter its decision in the amounts determined by the Commissioner for deficiency in tax and for the so-called fraud penalties. The mere proposal to enter a decision against the petitioner for an amount of money arising solely by reason of alleged fraud negatives the above statement that the proceeding involves no issue of fraud.

No question is presented as to the sufficiency of the matter set forth in the petition to present the issue of fraud. And whether so presented or not, fraud is never presumed. The petition in question was filed. Whether or not it should have been filed without the payment of the filing fee is beside the question. The fact is that the filing of the petition brought to the Board both the tax and the fraud controversies and prevented the Commissioner from assessing either the tax represented by the deficiency or the so-called fraud penalties until the proceeding instituted by the filing of the petition is disposed of by the Board. It does not matter that the petition is being dismissed merely for nonpayment of the filing fee rather than for nonprosecution. Certainly, this is not a case of lack of jurisdiction. *Erving* v. *Dwyer*, 18 B. T. A. 349; *Reliance Manufacturing Co.* v. *Blair*, 19 Fed. (2d) 798; *Weaver* v. *Blair*, 19 Fed. (2d) 16. It strikes me as axiomatic that unless a petition has been filed there is no petition for us to dismiss. And, of course, when a petition has been filed it presents the issues therein set forth. One of the issues presented by the petition here is that of fraud with intent to evade tax. On that issue the Commissioner has the burden of proof under section 1112. So, I think it can not properly be said that under the situation here presented there is no "proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax." The burden of proof provision in section 1112 is, therefore, applicable here.

It is true that until the petition has been served on the Commissioner and the latter has answered, the issues for decision have not

been joined. But the issues tendered by the petition can not be swept aside as nonexistent unless or until the Board chooses to serve the petition on the Commissioner. The refusal or failure of the Board to serve a petition of which it has jurisdiction does not strip from the petition the involvement of the issues therein presented.

The principle underlying the order of dismissal in this proceeding can not, in my opinion, be distinguished from that involved in *Miller-Pocahontas Coal Co., supra.* I think, therefore, that under the order of dismissal here the decision of the Board should be confined to the amount of the deficiency for the tax determined by the Commissioner, exclusive of any amount arising by reason of alleged fraud.

SMITH agrees with this dissent.