ROBERT FULP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fulp v. Commissioner
Docket No. 5974-76.
United States Tax Court
T.C. Memo 1978-382; 1978 Tax Ct. Memo LEXIS 128; 37 T.C.M. (CCH) 1567; T.C.M. (RIA) 78382; September 26, 1978, Filed *128 P was a social worker in 1972 and 1973 and received "kickbacks" in connection with the issuance of unauthorized welfare checks. Such kickbacks were not reported by him on his Federal income tax returns for those years. Held, the Commissioner failed to prove the amount of such kickbacks, and since he undertook to prove fraud by showing a pattern of substantial omissions of income, he has failed to carry his burden of proving fraud. William F. Halley, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioner's Federal income taxes and additions thereto as follows: Addition
Sec. 6653 (b) Year
Deficiency
I.R.C. 1954 [1]
1972 $ 438.00 $ 219.00
1973
3,499.00
1,750.00
The only issue for decision is whether the petitioner's failure to report certain "kickbacks" received by him constituted fraud under section 6653(b). FINDINGS OF FACT The petitioner, Robert Fulp, was a legal resident of New York, N.Y., at the time *129 of filing his petition herein. He filed Federal income tax returns for 1972 and 1973 with the Internal Revenue Service, Brooklyn, N.Y.
In 1972 and 1973, Mr. Fulp was employed as a case worker by the Social Services Department of the City of New York. During the course of such employment, he arranged for the issuance of unauthorized emergency assistance checks to various welfare clients from September 1972 through October 1973. In consideration for the issuance of such checks, Mr. Fulp received "kickbacks." In November 1973, Mr. Fulp was indicted for grand larceny based on personal diversion of public welfare funds. In May 1974, he pled guilty to such charge and was convicted by the Supreme Court of New York, Kings County. In July 1974, he was sentenced to probation of 5 years with the condition that he make restitution of $ 14,300 through probation. On his Federal income tax returns, Mr. Fulp reported, as his only income, his salary of $ 6,875.90 for 1972 and $ 9,523.46 for 1973. In his notice of deficiency, the Commissioner determined that the kickbacks were reportable income and determined an addition to tax under section 6653(b), relating to fraud, based on the failure *130 to report such income. OPINION Although Mr. Fulp filed a petition in this case, he failed to prosecute the matter timely, and accordingly, the Court has already decided that he is liable for the deficiencies determined by the Commissioner. Thus, the only issue for us to decide at this time is whether he is liable for the additions to tax due to fraud. The Commissioner has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Webb v. Commissioner,394 F. 2d 366, 377 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969); Imburgia v. Commissioner,22 T.C. 1002, 1014 (1954); Petit v. Commissioner,10 T.C. 1253, 1257 (1948). He need not prove the precise amount of the underpayment resulting from fraud, but only that some part of the underpayment is attributable thereto. Otsuki v. Commissioner,supra at 105. To prove fraud, it must be shown that the taxpayer intended to evade taxes which he knew or believed *131 to be owing. Webb v. Commissioner,supra;Cefalu v. Commissioner,276 F. 2d 122, 128 (5th Cir. 1960), affg. a Memorandum Opinion of this Court; Mitchell v. Commissioner,118 F. 2d 308, 310 (5th Cir. 1941), revg. on another issue 40 B.T.A. 424 (1939). Although the Commissioner must show fraud by clear and convincing evidence, it is seldom possible to do so by direct proof of intention; rather, evidence of fraudulent intent is derived from an examination of the taxpayer's entire course of conduct. Proof of fraud may depend to some extent upon circumstantial evidence, and a finding of fraud, as any other finding, may be based upon all the evidence of record and reasonable inferences properly drawn therefrom. Stone v. Commissioner,supra at 224; Otsuki v. Commissioner,supra at 106. Having weighed the evidence in this case, we have concluded that the Commissioner has failed to carry his burden of showing fraud by clear and convincing evidence. The petitioner did not appear, either in person or by representative, at the trial of this case. The Commissioner presented some evidence *132 in an attempt to carry his burden of proving fraud. The only indicia of fraud alleged by him are the petitioner's failure to report substantial income over a period of 2 years and the petitioner's failure to report the kickbacks although he filed returns and reported his salary for the years 1972 and 1973. Based on the evidence presented by the Commissioner, we have found that the petitioner did receive kickbacks in 1972 and 1973 and that he did not report any of them as income on the returns filed by him. However, the Commissioner presented no evidence establishing the amount of the kickbacks received by the petitioner in either year. To establish the amount of the kickbacks, the Commissioner apparently relies on the statements contained in his notice of deficiency and the allegations set forth in his answer. Yet, it is well settled that the Commissioner cannot carry his burden of proving fraud by relying on the petitioner's failure to appear at the trial and offer evidence. Bioff v. Commissioner,47 B.T.A. 942, 944 (1942); Miller-Pocahantas Coal Co. v. Commissioner,21 B.T.A. 1360, 1362 (1931). The petitioner filed no reply in this case, *133 and as a result, the allegations of the answer are deemed denied. Rule 37(c), Tax Court Rules of Practice and Procedure. The Commissioner made no effort to have the allegations of the answer deemed admitted in accordance with Rule 37(c). It is also well settled that in a fraud case, the Commissioner cannot establish any of the essential elements of fraud by relying on his notice of deficiency and the petitioner's failure to disprove it. George v. Commissioner,338 F. 2d 221 (1st Cir. 1964), remg. a Memorandum Opinion of this Court; Otsuki v. Commissioner,supra at 106; Estate of Beck v. Commissioner,56 T.C. 297, 363 (1971); Joseph v. Commissioner,32 B.T.A. 1192, 1204 (1935). Thus, we have no admissible evidence as to the amount of the kickbacks received by the petitioner in 1972 and 1973. Without such evidence, the record is insufficient to show fraud. A consistent pattern of understatement of substantial amounts of income over a period of years is persuasive evidence of a fraudulent intent to evade tax. Holland v. United States,348 U.S. 121, 139 (1954); United States v. Burrell,505 F. 2d 904, 911-912 (5th Cir. 1974); *134 Stone v. Commissioner,supra at 224. It is obvious that in 1972 and 1973, the petitioner received some income which he did not report on his returns for those years, but since the Commissioner failed to show the amounts omitted, we cannot find that they were substantial. See Drieborg v. Commissioner,225 F. 2d 216, 219 (6th Cir. 1955), affg. on this issue a Memorandum Opinion of this Court; Spitaleri v. Commissioner,32 T.C. 988, 993 (1959). A mere understatement of income does not establish fraud. Carter v. Campbell,264 F. 2d 930, 936 (5th Cir. 1959); Drieborg v. Commissioner,supra at 218; Franklin v. Commissioner,34 B.T.A. 927, 938 (1936); Nicholson v. Commissioner,32 B.T.A. 977, 989 (1935), affd. 90 F. 2d 978 (8th Cir. 1937). Under such circumstances, we need not decide whether substantial omissions of income over a 2-year period, without more, is sufficient to establish fraud by clear and convincing evidence. See Toledano v. Commissioner,362 F. 2d 243, 247 (5th Cir. 1966), revg. on this issue a Memorandum Opinion of *135 this Court. Nor can we find that the failure to report such income, even though he filed returns and reported the income which was subject to withholding, is evidence of fraud. On this record, we hold that the Commissioner has failed to carry his burden of proving fraud by clear and convincing evidence. Decision will be entered for the petitioner on the issue of fraud and for the respondent on the issue of the deficiencies. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩