RUBEN AND MARIA E. GARCIA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Garcia v. Commissioner
Docket No. 27112-92
United States Tax Court
T.C. Memo 1994-12; 1994 Tax Ct. Memo LEXIS 6; 67 T.C.M. (CCH) 1950; 73 A.F.T.R.2d (RIA) 419; January 10, 1994, Filed *6 For petitioners: Heriberto Medrano. For respondent: Derek B. Matta. PARR
PARR
MEMORANDUM OPINION PARR, Judge: This matter is before the Court on respondent's motion for partial summary judgment filed November 12, 1993, pursuant to Rule 121(c). [1] In her notice of deficiency, respondent determined a deficiency of $ 23,652 in petitioners' Federal income tax for 1988. Respondent also determined that petitioner Ruben Garcia was liable for the addition to tax for fraud under section 6653(b) in the amount of $ 17,739. Finally, respondent determined that petitioners are liable for the addition to tax for failure to pay estimated income tax under section 6654(a) in the amount of $ 444. Respondent seeks summary judgment against petitioner Ruben Garcia on the issue of the addition to tax for fraud under section 6653(b). Respondent's motion was based on allegations in her answer deemed admitted by petitioner pursuant to Rule 37. We must decide whether those admissions adequately support respondent's motion. *7 Respondent's answer, filed February 12, 1993, contained the following affirmative allegations: 6. FURTHER ANSWERING THE PETITION, and in support of the determination that the underpayment of tax required to be shown on the petitioners' income tax return for the taxable year 1988 is due to fraud, the respondent alleges: a. Petitioner Ruben Garcia was arrested on narcotics charges on February 3, 1990 and was subsequently found guilty of marijuana trafficking. Petitioner Ruben Garcia is currently incarcerated in Bastrop, Texas. b. The petitioners have refused to cooperate with the respondent and will not provide any information concerning the source of funds for expenditures during the taxable years 1987, 1988 and 1989 citing their constitutional right to remain silent. c. The petitioners failed to file returns for the taxable years 1987 and 1989. d. The petitioners failed to maintain or to submit for examination by the respondent complete and adequate books of account and records of their income-producing activities for each of the taxable years 1987, 1988 and 1989 as required by I.R.C. § 6001. e. Respondent has determined that petitioners purchased assets during taxable *8 years 1987, 1988 and 1989 with funds that exceeded known sources of petitioners' income in 1987, 1988 and 1989. f. Due to the petitioners' refusal to cooperate in the examination, respondent has determined the petitioners' correct taxable income for the taxable years 1987, 1988 and 1989 on the basis of the net worth and specific items methods. g. Attached hereto as Exhibit A is a net worth statement of assets and liabilities of the petitioners on December 31, 1986, December 31, 1987, December 31, 1988 and December 31, 1989. Due to petitioners' failure to cooperate with respondent, the net worth statement was prepared based upon third party information. h. The petitioners conducted transactions in cash during the years at issue and did not disclose the existence of any bank accounts to the respondent. i. During 1987, petitioner Ruben Garcia allegedly loaned $ 100,000.00 to Garza Lumber Company. The money was listed in the balance sheet for Garza Lumber Company as a Note Payable. In 1988, the loan was converted to capital stock. j. During 1987, the petitioners paid Garza Lumber Company $ 100,000.00 in cash to begin construction on their home at 4513 N. 3rd, McAllen, Texas. *9 k. During 1988, the petitioners paid Garza Lumber Company $ 75,000.00 in cash to complete construction on their home at 4513 N. 3rd, McAllen, Texas. l. The building permit for the construction of the home at 4513 N. 3rd, McAllen, Texas, was obtained in the name of Maria E. Rodriguez, petitioner's maiden name. The deed for the property was also recorded in the name of Maria E. Rodriguez. Respondent alleges the building permit and deed of trust were placed in the petitioner's maiden name in order to conceal the true owner of the property and to conceal the source and nature of the funds used to purchase the property. m. During 1988, petitioners purchased $ 10,000.00 of furniture. n. During taxable year 1988, petitioners purchased $ 14,300.00 of casino chips from Caesars Palace. o. The net worth of the petitioners for 1987 and 1988 increased by $ 258,897.00 and $ 85,000.00, respectively. p. For taxable year 1988, petitioners reported adjusted gross income of $ 58,200.00. During 1988, petitioner had expenditures for the house, furniture, personal living expenses and the purchase of casino chips totaling $ 116,364.00. Petitioners' expenditures for 1988 exceed adjusted gross *10 income by $ 58,164.00. q. The petitioners fraudulently understated their taxable income during 1987, 1988 and 1989 in the amount of $ 275,539.00, $ 121,364.00, $ 60,828.00, respectively, with the intent to evade the payment of taxes on such income in each respective year. r. The petitioners' correct income tax liability for 1988 is $ 32,504.00; the tax liability reported on the petitioners' return for 1988 was $ 8,852.00 resulting in an understatement of tax liability for 1988 in the amount of $ 23,652.00. s. The petitioners' failure to maintain complete books and adequate records of their income-producing activities and illegal cash narcotics sales and their failure to produce complete and accurate records for respondent in connection with the examination of their income tax returns for 1987, 1988 and 1989 was fraudulent with intent to evade tax. t. Petitioners' extensive use of cash during 1988 was fraudulent with the intent to evade the payment of income tax. u. The petitioners willfully failed to report an income tax liability in the amount of $ 23,652.00 for 1988 with the intent to evade the payment of tax on the income. v. The underpayment of tax required to be shown *11 on petitioners' return of 1988 was due to fraud.
Petitioners did not file a reply within the time provided in Rule 37. On May 13, 1993, respondent filed a motion pursuant to Rule 37(c) requesting that the allegations in paragraph 6 of the answer (reproduced above) be deemed admitted. A copy of that motion was mailed to petitioners on May 10, 1993. On May 13, 1993, a notice of filing of respondent's motion was served on petitioners by this Court. This notice stated: If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before June 3, 1993, respondent's motion will be denied. If petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer.
Respondent's motion was granted on June 11, 1993, after petitioners failed to file a reply or otherwise respond to the Court's notice. Respondent filed the instant motion for partial summary judgment on November 12, 1993. Summary judgment is appropriate where a trial of the issue and the expense thereof would be unnecessary. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). *12 A decision on the merits of the parties' claims may be made on summary judgment if there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Rule 121(b) and (c). We view the evidence in the light most favorable to the nonmoving party. Blanton v. Commissioner, 94 T.C. 491, 494 (1990). The Court will not resolve disputes over factual issues in a summary judgment proceeding. Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). With regard to the substantive facts at issue in this case, therefore, we look only to those allegations deemed admitted by petitioners. For 1988 section 6653(b)(1) provided for an addition to tax in an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud. For purposes of those provisions, section 6653(b)(2) states that if the Secretary establishes any portion of an underpayment is due to fraud, the entire underpayment is treated as fraudulent, unless the taxpayer proves some portion of the underpayment is not due to fraud. It is well *13 settled that respondent may sustain her burden of proof on the issue of fraud by virtue of deemed admissions alone. Frazier v. Commissioner, 91 T.C. 1, 12 (1988); see Doncaster v. Commissioner, 77 T.C. 334, 336-337 (1981). In such cases, the deemed admissions must show fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). The elements that respondent must prove are: (1) The existence of an underpayment of tax, and (2) that some part of the underpayment was due to fraud. Petzoldt v. Commissioner, 92 T.C. 661, 698-899 (1989). Respondent need not prove the exact amount of the underpayment resulting from fraud, but only that "any part" of the underpayment is attributable thereto. Otsuki v. Commissioner, 53 T.C. 96, 105 (1969). To prove fraud, respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Courts have developed various factors or "badges" *14 which tend to establish fraud. Recklitis v. Commissioner, 91 T.C. 874, 910 (1988). These include: (1) A pattern of understatement of income; (2) inadequate records; (3) concealment of assets; (4) income from illegal activities; (5) attempting to conceal illegal activities; (6) implausible or inconsistent explanations of behavior; and (7) dealing in cash. Bradford v. Commissioner, 796 F.2d 303, 308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; McGee v. Commissioner, 61 T.C. 249, 260 (1973), affd. 519 F.2d 1121 (5th Cir. 1975). These "badges" of fraud exist in this case. Petitioner Ruben Garcia kept incomplete and inaccurate records, attempted to conceal assets, conducted illegal activities, and dealt in large sums of cash; these are all badges tending to establish fraud. The affirmative allegations in paragraph 6 of respondent's answer, which are deemed admitted, establish that petitioner Ruben Garcia engaged in illegal cash narcotics sales and received substantial unreported income from his activities in 1988 and that he fraudulently *15 intended to evade tax on this income. We find that respondent has met her burden of proof with regard to the issue of fraud and that petitioner Ruben Garcia is liable for the addition to tax for fraud pursuant to section 6653(b). Respondent's motion for partial summary judgment will be granted. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable year 1988, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩