RONALD G. WILLIAMS AND ELIZABETH C. WILLIAMS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Williams v. Commissioner
Docket No. 22256-91
United States Tax Court
T.C. Memo 1994-44; 1994 Tax Ct. Memo LEXIS 45; 67 T.C.M. (CCH) 2103; February 3, 1994, Filed *45 For respondent: Marilyn S. Ames. DAWSON; POWELL
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Carleton D. Powell pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge set forth below. OPINION OF THE SPECIAL TRIAL JUDGE POWELL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment, filed on November 24, 1993. The relevant facts may be summarized as follows. By a notice of deficiency dated June 28, 1991, respondent determined deficiencies in petitioners' Federal income taxes and additions to tax as follows: Additions to Tax
Year Deficiency Sec. 6653(b) Sec. 6653(b)(1) Sec. 6661
1981
$ 109,752
$ 74,732
-- -- 1982
377,290
-- $ 189,942
$ 94,971
The *46 additions to tax for both years under section 6653(b) pertain only to petitioner Ronald G. Williams. Respondent also determined that an addition to tax under section 6653(b)(2) in the amount of 50 percent of the interest due on the deficiency for taxable year 1982 was due from petitioner Ronald G. Williams. Respondent further determined that the entire deficiencies for both years were substantial underpayments attributable to tax motivated transactions for the purpose of computing interest under section 6621(c). Petitioners filed a timely petition. In the petition, they contested respondent's determinations with respect to the deficiencies and additions to tax; they did not, however, challenge the increased interest under section 6621(c). At the time the petition was filed petitioners resided in Coconut Grove, Florida. The deficiencies arise from the disallowance of alleged partnership losses arising from transactions with Hillcrest Securities, Inc. In the amended answer, respondent alleged the following: in support of the determination that a part of each of the underpayments of tax required to be shown on the Petitioners' income tax returns for the taxable years 1981 *47 and 1982 is due to fraud, the Respondent alleges: * * * c. Sometime prior to 1981, Mr. Williams and other individuals formed Hillcrest Equities, Inc. (Hillcrest Equities) for the purpose of providing tax shelter investment advice. * * * e. * * * In 1981, Mr. Williams and other individuals formed Hillcrest Securities Corporation (Hillcrest Securities), a wholly owned subsidiary of Hillcrest Equities, for the purpose of promoting a government securities tax shelter program * * *. * * * i. Based on his education and business background, Mr. Williams had extensive knowledge in federal income taxation and business. j. Fraudulently and with intent to evade income taxes, the Petitioners filed false income tax returns for the taxable years 1981 and 1982 that overstated losses as follows: i. A. On their income tax returns for the taxable years 1981 and 1982, the Petitioners deducted alleged ordinary losses totalling $ 251,039.00 and $ 1,380,780.00, respectively, from their interests in the partnerships known as W & S Investments, Sanders Williams No. 50, Golden Gate Investments, and Nesbitt Investments (the Hillcrest Partnerships), which losses the Petitioners knew when they *48 filed their 1981 and 1982 income tax returns were false. B. The losses from the Hillcrest Partnerships reported on the Petitioners' 1981 and 1982 income tax returns arose from the Hillcrest Partnerships' participation in the Hillcrest Tax Shelter. ii. A. Edward A. Markowitz, an alleged government securities dealer who dealt with Hillcrest, filed an affidavit in the United States District Court for the District of Columbia, Civil Action No. 87-2878 (GAG), in which he stated that the government securities trades in the Hillcrest Tax Shelter did not occur. The affidavit is attached as Exhibit B. B. Mr. Markowitz further stated in the affidavit described above that Hillcrest never paid any money for the purchase of securities in the purported trades. C. Mr. Markowitz further stated in the affidavit described above that Hillcrest used him for the purpose of generating false tax losses based upon fictitious trades. D. On March 18, 1988, Mr. Williams pled guilty in the United States District Court for the Northern District of Texas, Criminal No. CR3-88-055-D, to the felony of advising the preparation and presentation of fraudulent and false income tax returns, in violation of *49 I.R.C. sec. 7206(2). The two returns for which Mr. Williams pled guilty were partnership returns, Forms 1065, for partnerships formed for the purpose of participation in the Hillcrest Tax Shelter. The guilty plea and related information are attached as Exhibit C. E. Mr. Williams knew that the purported trades in the Hillcrest Tax Shelter did not occur, he knew that Hillcrest never paid any money for the purpose of securities in the purported trades, he knew that the purpose of the Hillcrest Tax Shelter was to generate false tax losses, and he knew that Hillcrest fraudulently created documents to create the appearance of deductible losses. F. Mr. Williams knew that to be deductible, the losses had to be incurred in transactions motivated primarily by profit. Mr. Williams knew, therefore, that even if the purported trades actually occurred the tax losses they allegedly generated were false and not deductible. iii. The Petitioners' conduct establishes a consistent pattern of substantial and fraudulent overstatements of losses.
k. The Petitioners fraudulently understated their taxable income for the taxable years 1981 and 1982 by $ 251,039.00 and $ 1,151,484.00, respectively, *50 with intent to evade taxes on such income in each year. l. The Petitioners fraudulently understated their income tax liabilities on their income tax returns for 1981 and 1982 in the amounts of $ 109,752.00 and $ 377,290.00, respectively. m. A part of each deficiency in income tax for the taxable years 1981 and 1982 is due to fraud with intent to evade taxes.
Petitioners did not file a reply to the amended answer. By Order dated March 5, 1993, this case was calendared for a pretrial conference on April 26, 1993, in Houston, Texas. There was no appearance by or on behalf of petitioners. On April 29, 1993, respondent filed a Motion for Entry of Order that Undenied Allegations in Amended Answer be Deemed Admitted and a Motion to Deem the Deficiencies and the Addition to Tax Pursuant to I.R.C. Sec. 6661 Determined. By Order dated June 7, 1993, the Court granted the latter motion and ordered that, unless a proper reply as provided in Rule 37(b) was filed on or before July 30, 1993, the specific allegations in the amended answer would be deemed to have been admitted. Petitioners did not file a reply. By Order dated August 4, 1993, the Court granted respondent's Motion. On *51 November 24, 1993, respondent filed the Motion for Summary Judgment that is currently before the Court. In that motion respondent moves for summary judgment on the additions to tax for fraud with respect to petitioner Ronald G. Williams. Petitioners were ordered to file a response to that motion on or before December 27, 1993. No response was filed. The liabilities for the deficiencies, addition to tax under section 6661, and increased interest under section 6621(c) have been established, and the remaining issue is whether petitioner Ronald G. Williams is liable for the additions to tax for fraud under section 6653(b) for 1981 and section 6653(b)(1) and (2) for 1982. Section 6653(b) for 1981 and section 6653(b)(1) for 1982 for our purposes here are virtually the same and provide, inter alia, that if any part of any underpayment of tax required to be shown on a return is due to fraud, an amount equal to 50 percent of the underpayment shall be added to the tax. In addition, for taxable year 1982, there shall be added to the tax an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to fraud. Sec. 6653(b)(2). *52 "Fraud is established by proving that the taxpayer intended to evade tax believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such tax." Recklitis v. Commissioner, 91 T.C. 874, 909 (1988); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Respondent has the burden of establishing fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Frazier v. Commissioner, 91 T.C. 1, 12 (1988). While respondent has the burden of proof, fraud may be the proper subject of a motion for summary judgment, if there is no genuine dispute of material fact. Rule 121(b); Frazier v. Commissioner, supra at 12. As this Court noted in Doncaster v. Commissioner, 77 T.C. 334, 336-337 (1981): Under Rule 36(b), once a petitioner assigns error to the determination of fraud in the deficiency notice * * *, the respondent must affirmatively plead fraud in his answer and include therein the facts in support thereof. * * * Once respondent so pleads and the petitioner fails to file a reply, the *53 affirmative allegations are deemed denied unless the respondent files a motion for an order "that specified allegations in the answer be deemed admitted," in which case the motion will be noticed for hearing. Rule 37(c). * * *
If a motion under Rule 37(c) is filed and the petitioner fails to deny the allegations, the allegations contained in the answer are deemed to have been admitted. Id. at 337. Under this procedure we find that respondent's allegations that are deemed admitted satisfy respondent's burden of proving fraud with respect to petitioner Ronald G. Williams. The gravemen of the deemed admissions is that, with the intent to evade and defeat the collection of taxes, he filed income tax returns for 1981 and 1982 upon which he claimed deductions in the respective amounts of $ 251,039 and $ 1,380,780 which he knew were false when he filed the returns, and understated his tax liabilities in the respective amounts of $ 109,752 and $ 377,290. This covers all of the essential elements of fraud. The fact that some of the allegations are worded in conclusory language does not alter the fact that they are specific allegations of fact within *54 the meaning of Rule 37(c), and they have been deemed to have been admitted. See Doncaster v. Commissioner, supra at 337. The facts are not in dispute, and those facts establish fraud. Accordingly, respondent's motion for summary judgment will be granted. An appropriate order and decision for respondent will be entered. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩