RICHARD DAVID HAYES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hayes v. Commissioner
Docket No. 3401-79.
United States Tax Court
T.C. Memo 1980-307; 1980 Tax Ct. Memo LEXIS 281; 40 T.C.M. (CCH) 946; T.C.M. (RIA) 80307; August 11, 1980, Filed *281 Petitioner challenged the self-employment tax as being unconstitutional because it exempts ministers and certain other groups but does not exempt him. Held: The self-employment tax is constitutional. Richard David Hayes, pro se. Deborah R. Jaffe, for the respondent. *282 STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By letter dated March 7, 1979 respondent determined a deficiency in income taxes due from petitioner Richard David Hayes and his wife Beverly G. Hayes for their taxable year ended December 31, 1977 in the amount of $1,155.39. The only issue for our decision is whether Mr. Hayes was denied equal protection of the laws when his application for exemption from self-employment tax was rejected. FINDINGS OF FACT Some of the facts were stipulated and are so found. The first stipulation for trial and supplemental stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Richard David Hayes resided in New Iberia, Louisiana at the time the petition herein was filed. He filed a joint return of income with his wife, Beverly G. Hayes, for their taxable year ended December 31, 1977 on the cash basis with the Internal Revenue Service at Austin, Texas. This return was filed on June 5, 1978 but was still timely due to the timely filing by petitioner of a Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return. While *283 the claimed deficiency herein is based upon self-employment income earned by both Mr. and Mrs. Hayes, only Mr. Hayes signed the petition herein. Therefore, while liability for the tax is joint, only Mr. Hayes is before the Court. During 1977 Beverly G. Hayes was actively engaged in business as a seamstress operating as a sole proprietress. Her business was located in New Iberia, Louisiana. Also during 1977 petitioner was a partner having a distributive share of income from the trade or businesses carried on by two partnerships, Bank Avenue Distributors and Hayes Draperies and Interiors. During 1977 petitioner and his wife earned self-employment income as defined in section 1402, I.R.C. 1954, as follows: [1]
Richard David Hayes --
Bank Avenue Distributors
$8,365.92
Hayes Draperies and
Interiors
2,026.51
Sub-Total
$10,392.43
Beverly G. Hayes
4,232.75
Total
$14,625.18
Neither petitioner nor his wife paid any self-employment *284 tax on the self-employment income they earned during 1977. Petitioner contends that he is not liable for the self-employment tax. Attached to his 1977 federal income tax return petitioner filed a Form 4029, Application for Exemption from Tax on Self-Employment Income and Waiver of Benefits (Application). This form was dated May 30, 1978 and was signed only by petitioner. Beverly G. Hayes did not, and has not, filed such a form. Before filing the application petitioner crossed out the following language in the form: [2]
I request that I be exempted from paying self-employment tax on my earnings from self-employment, under section 1402(h) of the Internal Revenue Code. I waive all rights to any Social Security payment or benefit under Titles II and XVIII of the Social Security Act. I understand *285 and agree that no benefits or other payments of any kind under Titles II and XVIII of the Social Security Act will be paid based on my wages and self-employment income to any other person. I certify that I have never received benefits or payments under the above Titles, nor has anyone else received these benefits based on my earnings. I agree to notify the Internal Revenue Service within 60 days of any occurrence which results in my no longer being a member of the religious group described above, or in my no longer following the established teachings of the group. Furthermore, I understand that if any tax exemption under section 1402(h) of the Internal Revenue Code ceases to be effective, this waiver will also cease to be effective, but only to the extent that benefits can be payable only on the basis of my self-employment income for and after the first taxable year in which the exemption ceases to be effective, and my wages for and after the taxable year beginning in or with the beginning of such taxable year. The first year I became subject to self-employment tax was (show "NONE" if you were never subject to this tax). Below his signature petitioner *286 filled in the blanks in the Application as follows (the words filled into the form blanks are underlined): I certify that RICHARD DAVID HAYES is a member of CHRISTIANS OF THE WORLD Name of Authorized Representative JESUS CHRIST [address] HEAVEN &EARTH Signature of Authorized Representative (UNAVAILABLE) [title] SAVIOR [dated] Petitioner was notified by letter from respondent dated September 20, 1978 that: We are sorry but you do not meet the criteria for exemption from self-employment tax under Section 1402(g) of the Internal Revenue Code. Neither petitioner nor his wife is conscientiously opposed to the acceptance of the benefits of any private insurance which makes payments in the event of death, disability, old age, or retirement, or which makes payments toward the cost of, or provides services for, medical care. OPINION Petitioner has stipulated that he does not qualify for, and is not seeking, an exemption from self-employment tax under the provisions of section 1402(e) pertaining to ordained ministers. Petitioner is clearly not an ordained minister. Neither do we understand him to make a serious *287 claim for exemption under section 1402(g) pertaining to members of certain religious faiths. Clearly, in any event, petitioner utterly and obviously fails the requirements for the exemption set out in section 1402(g). [3] Rather, as we understand his arguments, petitioner objects to the existence of section 1402(g) on constitutional grounds. He argues that it is a violation of "equal justice" to force him to pay self-employment tax while others who are members of certain religious faiths are exempt from such tax. On the other hand, if the law read that there were no exemptions from the tax, petitioner agreed that he would certainly pay it. *288 The gravamen of petitioner's case is, therefore, whether section 1402(g) violates equal protection in granting exemption from taxation to some but not all self-employed persons. While petitioner's petition and amended petition and various other papers filed with the Court contain a great deal of constitutional law verbiage and variously call upon the First, Fifth, Ninth, Thirteenth and Fourteenth Amendments and certain other clauses of the Constitution, we understand petitioner's wish for "equal justice" to be at the heart of all his arguments. It is upon this basis that we decide the case. Petitioner's equal protection argument was considered and rejected by this Court in Palmer v. Commissioner, 52 T.C. 310, 314 (1969) and Henson v. Commissioner, 66 T.C. 835, 838-840 (1976). At least two circuits, including the Fifth Circuit, have adopted similar rules. Ward v. Commissioner, 608 F.2d 599, 601-602 (5th Cir. 1979), aff'g a Memorandum Opinion of this Court; Jaggard v. Commissioner, 582 F.2d 1189-1190 (8th Cir. 1978), aff'g a Memorandum Opinion of this Court.We certainly see no reason for departing from the rules *289 of these well-known and well-reasoned cases. For the reasons stated in the above-cited opinions, we hold for respondent. Section 1402(g) is not unconstitutional and does not violate equal protection. At the trial herein petitioner filed a motion for dismissal. Recognizing that petitioner was pro se and that this Court has not, in the past, required any degree of legal acumen from pro se petitioners, we accepted and filed the document. Further, we have treated the document as a motion for summary judgment or a motion for judgment on the pleadings so as to make it more nearly fit within the scheme of our rules of Court. Compare Rule 123 with Rule 120 and 121, Tax Court Rules of Practice and Procedure. In any event, the characterization of petitioner's motion is not dispositive herein. In substance the motion is merely a restatement and reaffirmation of petitioner's argument, made at trial and on brief, that the self-employment tax is unconstitutional. For the reasons set forth above we deny the motion. Decision will be enteredfor the respondent. Footnotes
1. The figures shown in this chart are the ones stipulated by the parties with the exception that the parties erroneously showed the figure $2,026.51 as being $2,026.25↩. We corrected this obvious typographical error.
2. The version of Form 4029 petitioner filed had been last revised in May of 1976. Sec. 1402 was, however, amended effective for taxable years beginning after 1976. Pub. L. 94-455, 1901(d), 90 Stat. 1803. By this amendment sec. 1402(g) was repealed and old sec. 1402(h) was redesignated sec. 1402(g)↩. Pub. L. 94-455, sec. 1901(a)(155)(B), 90 Stat. 1789.
3. In 1977 section 1402(g) provided in relevant part as follows: (g) MEMBERS OF CERTAIN RELIGIOUS FAITHS. (1) Exemption.--Any individual may file an application * * * for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by-- (A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary may require for purposes of determining such individual's compliance with the preceding sentence, and (B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person, and only if the Secretary of Health, Education, and Welfare finds that-- (C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence, (D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and (E) such sect or division thereof has been in existence at all times since December 31, 1950. Petitioner meets none of the listed preconditions to qualification.↩