JAMES C. GOODMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goodman v. Commissioner
Docket Nos. 7701-82, 12128-83.
United States Tax Court
T.C. Memo 1985-151; 1985 Tax Ct. Memo LEXIS 480; 49 T.C.M. (CCH) 1087; T.C.M. (RIA) 85151; March 28, 1985. James C. Goodman, pro se. Scott E. Itkin, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: [1]
Additions to Tax
Docket No.
Year
Deficiency
Sec. 6653(b) [2]
Sec. 6654
7701-82
1978
$5,788.70
$2,894.35
$184.63
1979
5,636.15
2,818.08
234.27
12128-83
1980
1,999.38
999.69
598.31
1981
1,196.62
127.39
82.91
*481 When these consolidated cases were called for trial on February 29, 1984, respondent submitted a motion to dismiss for failure to properly prosecute as *482 to the deficiencies in income and additions to tax pursuant to section 6654. The Court granted respondent's motion to dismiss [3] and took respondent's motion to impose damages under advisement. Consequently, the issues remaining for decision are (1) whether respondent has carried his burden of proving that a part of the underpayments in tax for the years 1978 through 1981 were due to fraud as required by section 6653(b); and (2) whether damages should be awarded the United States pursuant to section 6673. Petitioner resided in West Columbia, South Carolina, when he filed his petitions in these cases. He filed income tax returns for the taxable years 1976 and 1977, but did not file valid Federal income tax returns (Forms 1040) for the years 1978 through 1981. During the period between April 15, 1979 and April 15, 1980, petitioner filed two documents with respondent which had the appearance of Forms 1040, but contained no financial information whatsoever. Attached to each such purported Form 1040 were numerous pages of information relating to petitioner's tax protestor assertions. *483 From 1978 through 1981, petitioner was employed as a commission salesman for Redi-Crafts, Inc. Petitioner received taxable commission income during each of the years in issue. Petitioner failed to meet with respondent at a conference scheduled on November 8, 1983, refused to provide documents asked for in respondent's Request for Production of Documents, and failed to reply meaningfully to respondent's Interrogatories. On November 29, 1983, respondent mailed Requests for Admissions to petitioner. Petitioner did not provide proper responses to these Requests for Admissions. Pursuant to Rule 90(c), if an admission is not properly admitted, denied, or qualified, it is deemed admitted. Petitioner served frivolous interrogatories upon respondent, compelling respondent to seek a protective order from this Court, which was granted on January 31, 1984. Petitioner was convicted by the state of South Carolina for failure to pay tax or supply information with intent to evade South Carolina income tax for the year 1978. He was fined $1,000 plus costs and placed on probation for three years. Petitioner was advised that his legal arguments were frivolous. He nevertheless adamantly *484 refused to alter his stale and meritless tax protestor positions, which continued throughout this proceeding. These "arguments" are not worthy of further comment except to state that they have been rejected in a multitude of cases, and are "nothing but arrogant sophistry". [4]
The 50 percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. . Section 6653(b) provides, in relevant part: (b) FRAUD. -- If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment for each year was due to fraud. Sec. 7454(a); *485 Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. ; , affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. , affd. without published opinion, . Fraud is never presumed, but rather must be established by affirmative evidence. . Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. ; . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; . *486 The "willful failure to file a timely return * * * does not in itself and without more establish liability for a fraud penalty." , revg. in part and affg. in part a Memorandum Opinion of this Court. Willful failure to file returns for an extended period, however, is "persuasive evidence of an intent to defraud the government." ; affg. a Memorandum Opinion of this Court. An intention to evade taxes may be inferred from the circumstances attending a particular failure to file. . A pattern of nonfiling, when coupled with affirmative evidence of intent to defraud, warrants imposition of the addition to tax for fraud. ; . [5]
Other indicia of fraud include the failure to furnish books and records, ; *487 ; and the failure to cooperate with respondent's agent during his investigation. . [6]
In the instant cases, petitioner failed to file income tax returns for all of the years in issue despite having earned substantial income. This four year pattern of failing to file returns is evidence of fraud. We are convinced that petitioner was familiar with relevant law and, as evidenced by his proper filing of returns in 1976 and 1977, was aware of his obligation to file returns and pay taxes. Petitioner also failed to furnish books and records to respondent and he refused to cooperate during respondent's investigation. Petitioner knew that the tactics he employed were not legitimate tax avoidance but an orchestrated program of tax evasion. Petitioner is free to argue his theories to Congress, but he cannot disregard the laws passed by Congress and upheld by the Court, fail to perform an affirmative duty imposed him by those laws, and then expect to avoid the consequences of his avowedly freely *488 exercised disobedience. On the basis of the record before us, we find that respondent has clearly and convincingly demonstrated fraud for the years in issue before us under section 6653(b). We now consider respondent's motion that we impose damages pursuant to section 6673. Petitioner's position set forth in his petition, which has continued during the pendency of this case, relates only to standard tax protester arguments and does not address the issues of the notice of deficiency. Petitioner's position is that wages are not income. This contention is purely and totally frivolous. Petitioner filed motions for jury trials and served respondent with frivolous interrogatories. Petitioner pursued a course of conduct that was obstructive, dilatory and deliberate in failing to comply with the Rules of this Court. Accordingly, petitioner instituted these proceedings and asserted as his defense to respondent's determinations nothing but frivolous contentions. His behavior before this Court makes it obvious that he filed his petition in this Court primarily for the purposes of delaying the payment of his income taxes for the years before the Court. Section 6673 provides that in *489 such instances "damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision." Other petitioners in this Court with genuine controversies have been delayed while we considered this case. Petitioner's frivolous contentions are burdensome both to this Court and to society as a whole. . In these circumstances, petitioner cannot, and has not, shown that he, in good faith, has a colorable claim to challenge respondent's determinations. We conclude that petitioner knew when he filed his petitions that he had no reasonable expectation of receiving a favorable decision in view of the extensive and well-settled case precedents. [7]
Since we conclude that these cases were brought primarily for delay and that petitioner's position is totally frivolous, we award damages in the amount of $5,000.00 to the United States in each case. Based on the foregoing, Decision will be entered under Rule 155.
Footnotes
1. The amounts delineated below ae the correct figures, which were properly listed on page 3 of respondent's statutory notice. On the first page of the notice, due to a typographical error, the figure for the section 6654 addition to tax for 1980 was switched with the figure for the section 6653(b) addition to tax for 1981. In paragraph 4 of his petition, petitioner placed the correct total amount of additions to tax in issue. Thus, petitioner was not mislead by this error. See . Since this Court has jurisdiction to redetermine the correct amount of deficiencies determined by respondent, we may correct respondent's typographical error. See ; . ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years at issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Respondent conceded that petitioner was entitled to an additional exemption for his wife.↩
4. See ; , affd. per curiam .↩
5. See .↩
6. See .↩
7. See ; ; Miller v. Commissioner,↩ 1983-476.