# United States Tax Court

T.C. Memo. 2024-36

KHURRAM SHAHZAD GONDAL AND AROOJ ASMAT,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 23964-22.                          Filed March 27, 2024.

————

Khurram Shahzad Gondal and Arooj Asmat, pro se.

*Byron M. Huang*, for respondent.

MEMORANDUM OPINION

JONES, *Judge*: During taxable years 2017 and 2018 (tax years at issue), petitioner Khurram Shahzad Gondal operated several car-for-hire businesses with a business partner. He and the business partner contracted with the State of New York to provide medical transportation services. But they billed New York State for trips they falsely represented were for medical reasons. Ultimately, Mr. Gondal pleaded guilty to healthcare fraud in connection with the false claims.

Following the guilty plea, the Internal Revenue Service (IRS) opened an examination of Mr. Gondal's and petitioner Arooj Asmat's joint federal income tax returns. The Commissioner determined that petitioners received constructive dividends from the car-for-hire businesses during the tax years at issue. The Commissioner also

**[*2]** determined that Mr. Gondal was liable for civil fraud penalties pursuant to section 6663.[1]

Pending before the Court is respondent's Motion for Summary Judgment (Motion). (Doc. 14.) The issues for decision are (1) whether there are deficiencies in income tax due from Mr. Gondal and Ms. Asmat for the tax years at issue and (2) whether Mr. Gondal is liable for civil fraud penalties for the tax years at issue.[2] We find in respondent's favor on both issues.

## *Background*

### I.    *Procedural Background*

On October 28, 2022, while residing in New York, Mr. Gondal and Ms. Asmat timely petitioned this Court, indicating that they dispute a Notice of Deficiency (NOD) dated August 3, 2022. On the Petition, Mr. Gondal and Ms. Asmat explained why they disagree with the IRS determination: "All the mentioned income which are reported in notice as my personal income are related to my business." (Doc. 1) (formatting added). They did not specifically reference the penalties determined in the NOD.

On March 6, 2023, respondent filed an Answer (Doc. 8) and asserted additional facts that went unanswered by Mr. Gondal and Ms. Asmat. Thus, respondent filed a Motion for Entry of Order that Undenied Allegations in Answer Be Deemed Admitted pursuant to Rule 37(c). Petitioners failed to respond after being given a chance to do so. The Court granted the Motion and ordered that the allegations set forth in paragraphs 8 through 32 of the Answer be deemed admitted.

On December 22, 2023, respondent filed the Motion and an accompanying declaration with exhibits. Once again, petitioners failed to respond. The following facts are based on the parties' pleadings, the

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulatory references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2] Respondent has not moved for summary judgment on the negligence penalties asserted against both Mr. Gondal (in the alternative) and Ms. Asmat. (Doc. 14.)

**[\*3]** deemed admissions, and the declaration and exhibits attached to respondent's Motion.

## II.    *Mr. Gondal's Businesses and Reported Income*

During the tax years at issue, Mr. Gondal and his business partner operated car-for-hire businesses in New York. The businesses were operated through numerous subchapter C corporations controlled by Mr. Gondal and the business partner, including (1) All County Med Cab, Inc.; (2) Four Way Taxi, Inc.; (3) Green Mountain Medical Transportation, Inc.; (4) Capital Cab Corporation; and (5) All NY Taxi & Limo, Inc. (collectively Gondal's Transportation Companies).

Mr. Gondal and his business partner contracted with the New York State Department of Health to provide medical transportation throughout New York. However, as set forth above, they billed the State of New York for trips they falsely represented were made for medical reasons. Ultimately, Mr. Gondal pleaded guilty to one count of healthcare fraud, and his business partner pleaded guilty to defrauding Medicaid.

Some of Gondal's Transportation Companies issued Forms W–2, Wage and Tax Statement, to Mr. Gondal during the tax years at issue. Specifically, Four Way Taxi, Inc. issued a Form W–2 to Mr. Gondal that reported wages of $30,000 for tax year 2017. Mr. Gondal's and Ms. Asmat's joint income tax return for tax year 2017 showed total income of $30,000.

For tax year 2018, Four Way Taxi, Inc., issued a Form W–2 to Mr. Gondal that reported wages of $12,000. Capital Cab Corporation issued a Form W–2 to Mr. Gondal that reported wages of $8,000. For 2018, Mr. Gondal's and Ms. Asmat's joint income tax return showed total income of $22,305.

That same year, Mr. Gondal filed a single Schedule C, Profit or Loss From Business, stating that he was a taxi driver. On the Schedule C, Mr. Gondal reported $20,659 of income and $6,464 of total expenses, resulting in net taxable income of $14,195 for tax year 2018.

## III.    *Examination of Petitioners' Returns*

After Mr. Gondal's plea agreement, the IRS opened an examination of Mr. Gondal's and Ms. Asmat's joint returns for the tax years at issue. During the examination, Mr. Gondal and Ms. Asmat did

**[\*4]** not provide any books or records relating to Gondal's Transportation Companies.

The agent assigned to the examination summoned bank records for Mr. Gondal and Gondal's Transportation Companies for the tax years at issue. The examining agent then conducted a bank deposits analysis, which revealed that during the tax years at issue, Mr. Gondal (1) made significant cash withdrawals from Gondal's Transportation Companies and (2) paid personal expenses with money from Gondal's Transportation Companies.

The following table—derived from the examining agent's bank deposits analysis—reflects Mr. Gondal's (1) cash and check withdrawals from the business accounts of Gondal's Transportation Companies and (2) payments of personal expenses, also from the business accounts of Gondal's Transportation Companies.[3]

| Company Name | Type of Transfer | 2017 | 2018 |
|---|---|---|---|
| All County Med Cab | Cash & Check | $14,040 | $100 |
| | Personal Exp. | 23,374 | 30,348 |
| Four Way Taxi, Inc. | Cash & Check | 87,929 | 75,557 |
| | Personal Exp. | 104,397 | 57,933 |
| Green Mountain Med. Transp., Inc. | Cash & Check | 74,460 | 112,455 |
| | Personal Exp. | 33,436 | 22,688 |
| Capital Cab Corporation | Cash & Check | 196,685 | 213,578 |
| | Personal Exp. | 157,258 | 129,933 |
| All NY Taxi & Limo, Inc. | Cash & Check | 0 | 70,686 |
| | Personal Exp. | 9,546 | 2,087 |

---

[3] The Answer (and thus the deemed admissions) contained several typographical errors setting forth the amounts of the cash withdrawals and personal expenses paid. For example, when compared to the NOD and the administrative file, the Answer transposed several numbers and included the wrong numbers on certain lines of the chart. (*Compare* Doc. 8, at 5–6, *with* Doc. 15, at 15.) We have corrected these obvious typographical errors. *See, e.g.*, *Goodman v. Commissioner*, T.C. Memo. 1985-151, 1985 Tax Ct. Memo LEXIS 480, at \*1 n.1 ("Since this Court has jurisdiction to redetermine the correct amount of deficiencies determined by respondent, we may correct respondent's typographical error."); *Hayes v. Commissioner*, T.C. Memo. 1980-307, 1980 Tax Ct. Memo LEXIS 281, at \*3 n.1 (correcting obvious typographical error in the parties' stipulation).

[*5] From the bank deposits analysis, the examining agent determined that Mr. Gondal and Ms. Asmat failed to report the receipt of constructive dividends totaling $701,125 for taxable year 2017 and $715,365 for taxable year 2018. The following table reflects total transfers from Mr. Gondal's business accounts for the tax years at issue:

|  | *2017* | *2018* |
|---|---|---|
| Total Cash & Check Withdrawals | $373,114 | $472,376 |
| Total Personal Expenses Paid with Business Account Funds | 328,011 | 242,989 |
| **Total Constructive Dividends** | **701,125** | **715,365** |

There is no evidence that any of the cash withdrawals or personal expenditures were (1) used for business purposes; (2) used for loan disbursements; or (3) repaid by Mr. Gondal or Ms. Asmat.

Mr. Gondal—fraudulently and with the intent to evade tax—received and failed to report the constructive dividend amounts for the tax years at issue. Mr. Gondal's concealment of income through cash withdrawals and payment of personal expenses from the funds of Gondal's Transportation Companies—along with Mr. Gondal's failure to maintain complete and accurate records of his business dealings—were fraudulent, with the intent to evade tax. Mr. Gondal (fraudulently and with the intent to evade tax) misreported his exemptions, net investment income tax, self-employment tax, earned income tax credit, and additional child tax credit for each of the tax years at issue. He also fraudulently, and with the intent to evade tax, underreported his tax due by $142,882 for taxable year 2017 and by $138,311 for taxable year 2018.

On August 3, 2021, the examining agent—on a call with his supervisor—made an initial determination to assert a civil fraud penalty against Mr. Gondal (and an accuracy-related negligence penalty under section 6662(a) in the alternative). The examining agent also made the initial determination to assert an accuracy-related negligence penalty under section 6662(a) against Ms. Asmat. On August 6, 2021, the examining agent's immediate supervisor approved in writing the assertion of the penalties.

On October 21, 2021, the Commissioner made his first formal communication regarding assertion of the penalties in this matter through issuance of the first revenue agent report. On August 3, 2022, the IRS issued the NOD for the tax years at issue. The NOD set forth

**[\*6]** deficiencies, civil fraud penalties, and accuracy-related penalties as follows:

|  | *2017* | *2018* |
|---|---|---|
| Deficiency: Increase in Tax | $142,882 | $138,311 |
| Section 6663 Penalties | 107,162 | 103,733 |
| Section 6662 Penalties (Alternative Position) | 28,576 | 31,434 |

The NOD also stated that Ms. Asmat is not liable for the section 6663 civil fraud penalties for the tax years at issue, but it stated that she is liable for the negligence penalties pursuant to section 6662(a) and (c).

*Discussion*

I.     *General Principles*

A.     *Summary Judgment Standard*

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. *See* Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. The nonmoving party must respond and may not rest upon mere allegations or denials in their pleadings. Rule 121(d); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Because petitioners did not respond to the Motion, we could enter a decision against them for that reason alone. *See* Rule 121(d). Nevertheless, we will consider the Motion on its merits.

B.     *Burden of Proof*

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving them erroneous. Rule 142(a); *see Welch v. Helvering*, 290 U.S. 111, 115 (1933). In certain circumstances, section 7491 may shift to the Commissioner the burden of proof on certain factual issues. But that section applies only if the taxpayer (among other things) "introduces

[*7] credible evidence" with respect to those issues. *See* § 7491(a). Petitioners have neither claimed, nor introduced credible evidence sufficient to show, that the burden of proof should shift to respondent under section 7491(a) as to any relevant factual issue. Therefore, petitioners generally bear the burden of proof.

II. *Unreported Income*

"[G]ross income means all income from whatever source derived," including compensation for services such as wages and salaries, gross income derived from business, and dividends, among others. *See* § 61(a); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 429–31 (1955); *Durland v. Commissioner*, T.C. Memo. 2016-133, at *61. Taxpayers must maintain books and records sufficient to establish their income and expenses. *See* § 6001; Treas. Reg. § 1.6001-1(a). If they fail to do so, the Commissioner may reconstruct income through any reasonable method that clearly reflects income. *See* § 446(b); *Petzoldt v. Commissioner*, 92 T.C. 661, 693 (1989). We have long accepted the bank deposits method for this purpose. *See Clayton v. Commissioner*, 102 T.C. 632, 645–46 (1994). The bank deposits method assumes all deposits are taxable, but the Commissioner must account for any nontaxable source or deductible expense of which he has knowledge. *Id.* Taxpayers bear the burden of proving a nontaxable source for deposits. *Barnes v. Commissioner*, T.C. Memo. 2016-212, at *32–34, *aff'd*, 773 F. App'x 205 (5th Cir. 2019).

The evidence before us demonstrates that Mr. Gondal and Ms. Asmat had unreported income for the tax years at issue. Mr. Gondal's and Ms. Asmat's jointly filed Federal income tax return for tax year 2017 showed total income of $30,000 based on a Form W–2 issued to Mr. Gondal. Mr. Gondal's and Ms. Asmat's 2018 federal income tax return showed total wage income of $22,305, largely based on Forms W–2 issued to Mr. Gondal. That year, Mr. Gondal filed a single Schedule C reporting net taxable income of $14,195.

However, through a bank deposits analysis of Mr. Gondal's and the Gondal's Transportation Companies' bank accounts for the tax years at issue, the Commissioner determined that petitioners' income was significantly higher. Specifically, Mr. Gondal withdrew cash and paid personal expenses totaling $701,125 and $715,365 from Gondal's Transportation Companies for taxable years 2017 and 2018, respectively.

**[\*8]**    The examining agent concluded—and we agree—that these payments constituted constructive dividends. *See Magnon v. Commissioner*, 73 T.C. 980, 993–94 (1980) ("Where a corporation confers an economic benefit on a shareholder without the expectation of repayment, that benefit becomes a constructive dividend, taxable to the shareholder, even though neither the corporation nor the shareholder intended a dividend."). Mr. Gondal and Ms. Asmat did not report these constructive dividends on their federal income tax returns for the tax years at issue.

Further, there is no evidence—and petitioners have not argued—that the cash withdrawals and personal expenditures were (1) used for business purposes; (2) treated as loans; or (3) repaid by petitioners. Petitioners have failed to establish a nontaxable source for the unreported deposits. And Mr. Gondal has neither argued nor shown that any amount should not be subject to the civil fraud penalty. Thus, Mr. Gondal and Ms. Asmat failed to meet their burden, and we will sustain the Commissioner's determinations.

III.    *Penalties*

Next, we examine the Commissioner's civil fraud penalty determinations. First, we examine whether the Commissioner complied with the procedural requirements of section 6751(b)(1). Then, we turn to the civil fraud penalties pursuant to section 6663.

A.    *Penalty Approval Under Section 6751(b)(1)*

The Commissioner bears the burden of production with respect to an individual taxpayer's liability for any penalty, requiring the Commissioner to come forward with sufficient evidence indicating that the imposition of the penalty is appropriate. *See* § 7491(c); *Higbee v. Commissioner*, 116 T.C. 438, 446–47 (2001). As part of that burden, the Commissioner must produce evidence of compliance with the procedural requirements of section 6751(b)(1). *See Graev v. Commissioner*, 149 T.C. 485, 492–93 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016). Section 6751(b)(1) requires the initial determination of certain penalties to be "personally approved (in writing) by the immediate supervisor of the individual making such determination." *See Graev*, 149 T.C. at 492–93.

The parties do not dispute that the requirements of section 6751(b) were met. Further, the record establishes that the IRS secured timely supervisory approval to assert each of the penalties. *See Chai v.*

**[\*9]** *Commissioner*, 851 F.3d 190, 220–21 (2d Cir. 2017), *aff'g in part, rev'g in part* T.C. Memo. 2015-42. Accordingly, respondent has satisfied his burden with respect to section 6751(b).

B.    *Section 6663 Civil Fraud Penalties*

Section 6663(a) imposes a penalty equal to 75% of an underpayment of tax if any part of the underpayment is due to fraud. Once the Commissioner establishes that part of an underpayment is due to fraud, the entire underpayment is treated as "attributable to fraud," except to the extent the taxpayer establishes that some part is not. *See* § 6663(b). This section does not apply with respect to a spouse filing a joint return unless some part of the underpayment is due to the fraud of the spouse. § 6663(c). Respondent alleges that only Mr. Gondal is liable for fraud, not Ms. Asmat.

The Commissioner must prove fraud by "clear and convincing evidence." *See* § 7454(a); Rule 142(b); *Castillo v. Commissioner*, 84 T.C. 405, 408 (1985) ("The burden of proving fraud is on respondent, and he must do so by clear and convincing evidence."). To carry that burden, the Commissioner must show that (1) an underpayment of tax exists for the year at issue and (2) some part of the underpayment is attributable to fraud. *See DiLeo v. Commissioner*, 96 T.C. 858, 873 (1991), *aff'd*, 959 F.2d 16 (2d Cir. 1992). Deemed admissions are sufficient to satisfy the Commissioner's burden of proof as to fraud. *See Doncaster v. Commissioner*, 77 T.C. 334, 337 (1981); *see also Voccola v. Commissioner*, T.C. Memo. 2009-11, 2009 WL 103367, at \*8 (observing that the Commissioner can satisfy his burden of proof as to section 6663 fraud penalties by deemed admissions).

Respondent contends that the underpayment resulting from Mr. Gondal's failure to report constructive dividends from the Gondal Transportation Companies is attributable to Mr. Gondal's fraud. As set forth *supra* Background Part III, respondent has clearly and convincingly demonstrated that Mr. Gondal has an underpayment of tax. Thus, the first element of the civil fraud penalty has been established.

Next, we must determine whether Mr. Gondal had the requisite fraudulent intent. *DiLeo*, 96 T.C. at 873. Fraud is an intentional wrongdoing on the part of the taxpayer, with the specific purpose of evading a tax believed to be owing. *Petzoldt*, 92 T.C. at 698. Fraud is never presumed and must be established by independent evidence of

**[\*10]** fraudulent intent. *See Frazier v. Commissioner*, 91 T.C. 1, 12 (1988); *Baumgardner v. Commissioner*, 251 F.2d 311, 322 (9th Cir. 1957), *aff'g* T.C. Memo. 1956-112. Fraud may be shown by circumstantial evidence; direct evidence of a taxpayer's fraudulent intent is seldom available. *See Petzoldt*, 92 T.C. at 699. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. *See Niedringhaus v. Commissioner*, 99 T.C. 202, 210 (1992). Fraudulent intent may also be inferred when a taxpayer files a document intending to conceal, mislead, or prevent the collection of tax. *Durland v. Commissioner*, T.C. Memo. 2016-133, at \*79.

Courts often rely on various "badges" of fraud to find circumstantial evidence of fraud. *Bradford v. Commissioner*, 796 F.2d 303, 307 (9th Cir. 1986), *aff'g* T.C. Memo. 1984-601; *Campfield v. Commissioner*, T.C. Memo. 1996-383, 1996 WL 467816, at \*9, *aff'd*, 133 F.3d 906 (2d Cir. 1997) (unpublished table decision). These badges focus on whether the taxpayer engaged in certain conduct that is indicative of fraudulent intent, such as (1) understating income; (2) failing to maintain adequate records; (3) offering implausible or inconsistent explanations; (4) concealing income or assets; (5) failing to cooperate with tax authorities; (6) engaging in illegal activities; (7) providing incomplete or misleading information to the taxpayer's tax return preparer; (8) offering false or incredible testimony; (9) filing false documents, including filing false income tax returns; (10) failing to file tax returns; and (11) engaging in extensive dealings in cash. *See Bradford v. Commissioner*, 796 F.2d at 307–08; *Parks v. Commissioner*, 94 T.C. 654, 664–65 (1990); *Recklitis v. Commissioner*, 91 T.C. 874, 910 (1988). The existence of any one badge is not dispositive, but the existence of several badges is persuasive circumstantial evidence of fraud. *Niedringhaus*, 99 T.C. at 211.

Several badges of fraud are evident in this case. Mr. Gondal understated his income with the intent to evade taxes. Specifically, he concealed the understatement through cash withdrawals and payment of personal expenses from business accounts. He then failed to report a substantial amount of money he received, which we have determined constituted constructive dividends. Mr. Gondal did so fraudulently and with the intent to evade tax. Relatedly, Mr. Gondal—fraudulently and with the intent to evade tax—misreported his exemptions, net investment income tax, self-employment tax, earned income tax credit, and additional child tax credit. In addition, Mr. Gondal (fraudulently, and with the intent to evade tax) underreported his tax due. He also failed to maintain adequate records or submit them in connection with

**[\*11]** the examination, which was done fraudulently and with the intent to evade tax.

Accordingly, respondent has demonstrated by clear and convincing evidence that Mr. Gondal had fraudulent intent when he underpaid his income tax. Mr. Gondal has neither argued nor shown that any amount should not be subject to the civil fraud penalty. *See, e.g.*, *Kamal v. Commissioner*, T.C. Memo. 2023-80, at \*28. Thus, the Court holds that Mr. Gondal is liable for the section 6663 civil fraud penalties on the entire underpayment of tax for each of the tax years at issue.

IV.    *Conclusion*

In conclusion, we will grant respondent's Motion for Summary Judgment (Doc. 14), and we sustain the Commissioner's deficiency determinations as to Mr. Gondal and Ms. Asmat. We also sustain the Commissioner's determinations of civil fraud penalties as to Mr. Gondal.

We have considered all of the arguments made by the parties, and to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order will be issued.*